

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-06-00151-CR

_____

TOMMY WALTER DARLING, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 0518225

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

A jury found Tommy Walter Darling guilty of aggravated sexual assault in several cases, which were consolidated and tried together. Each conviction was appealed separately, but with the exception of two issues, the briefs and arguments raised in each appeal are identical.

**Admission of Counseling Records Under Medical Treatment Exception**

In the two issues specifically related to his conviction in this case, Appellant contends the trial court erred by admitting the complainant's counseling records into evidence pursuant to the medical records exception to the hearsay rule. *See* TEX. R. EVID. 802 (hearsay rule), 803(4) (exception for statements for purposes of medical diagnosis or treatment). Appellant objected to the admission of the records at trial on the basis that the statements contained in these records were not necessary for medical diagnosis. The trial court, specifically noting our opinion in *Wilder v. State*, 111 S.W.3d 249, 255–57 (Tex. App.—Texarkana 2003, pet. ref'd), and other cases the lower court had researched, overruled the objection and permitted admission of the disputed State's exhibits.

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Id.* at 255 (citing *Montgomery v. State*, 810 S.W.2d 372, 391–92 (Tex. Crim. App. 1990) (op. on reh'g)).

State's Exhibits 6 and 7 contain the counselor's notes from several different sessions with the complainant. These notes describe the complainant's feelings, her current activities, and how she has been coping emotionally with the aftermath of the abuse. The notes repeatedly mention her psychological difficulties in dealing with anger issues in the context of family dynamics.

2

Appellant did not limit his trial objections to any specific counseling session(s); instead, he merely launched a global objection to all these records. We, therefore, conclude Appellant's failure to distinguish those particular records (which he believed contained inadmissible evidence) from records that were otherwise properly admissible amounted to nothing more than a global objection that was insufficient to preserve this issue for appellate review. *Dunnington v. State*, 740 S.W.2d 896, 896–97 (Tex. App.—El Paso 1987, pet. ref'd).

Additionally, based on our review of the documents, we conclude the trial court did not abuse its discretion because these documents arguably relate to the counselor's diagnosis and treatment of the complainant's emotional and psychological conditions. We overrule Appellant's fifth and sixth points of error.

**Appellant's Remaining Issues**

Since Appellant's remaining appellate issues are identical to the issues presented in Appellant's companion appeal, we overrule those remaining issues for the reasons stated in *Darling v. State*, cause number 06-06-00148-CR.

We affirm the trial court's judgment.


Bailey C. Moseley
Justice


Date Submitted:     April 2, 2008
Date Decided:     August 13, 2008

Do Not Publish

3